

THE ATTORNEY GENERAL
OF TEXAS

GERALD C. MANN

AUSTIN, TEXAS

ATTORNEY GENERAL

Honorable E. L. Shelton
County Auditor
Cleburne, Texas

Dear Sir:

Opinion No. 0-2178
Re: Whether lien instrument dated
December 1, 1935, has to be
stamped under Article 7047e,
Vernon's Civil Statutes.

In your letter of April 4, 1940, you request our opinion as to whether a deed dated December 1, 1935, stipulating an assumed consideration of $7,000.00 and which has never been filed for record but is offered for filing at this date is subject to the state stamp tax.

Article 7047e, Vernon's Civil Statutes, reads in part as follows:

"(a) Except as herein otherwise provided there is hereby levied and assessed a tax of Ten (10¢) Cents on each One Hundred ($100.00) Dollars or fraction thereof, over the first Two Hundred ($200.00) Dollars, on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; provided that no tax shall be levied on instruments securing an amount of Two Hundred ($200.00) Dollars, or less. After the effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; * * *"

From a reading of the above statute it is seen that the tax is not due until and unless the instrument of security is presented for record. It is further provided that except as provided in the Act no such instrument shall be filed for record until it has been stamped in accordance with the provisions of the Act. No exception is made as to instruments dated prior to the effective date of the act. In our conference opinion No. 3061, dated June 17, 1930, we expressed the view that the tax in question is laid upon the privilege of using the records of the office of the county clerk, rather

than being a tax upon the note or other obligation secured by the mortgage or other lien. In our opinion No. 0-1328 we held that a deed would be required to bear the stamps where the purchaser wastherein required to assume a pre-existing indebtedness where the deed in which the vendor's lien had been originally created had been recorded without payment of the tax. Our opinion follows that the instrument with which you are concerned must be stamped before it is recorded. In this connection it is assumed that the vendor's lien has not been paid and released of record.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By    /s/ Glenn R. Lewis
            Assistant

GRL:JM

Approved April 15, 1940

/s/ GERALD C. MANN

ATTORNEY GENERAL OF TEXAS

APPROVED: Opinion Committee, by B.W.B., Chairman